FILED

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

2012 DEC -5  AM 10: 35

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

--------------------------------------------------------------x

CHEX SYSTEMS, INC., and )
FIDELITY NATIONAL INFORMATION )
SERVICES, INC., )
)
      Plaintiffs, )
v. )
)
NATIONAL CHEX SYSTEMS INC., a Florida )
corporation; NATIONAL CHEX SYSTEMS )
INC., a Georgia corporation; NATIONAL CHEX )
SYSTEMS INC., a New York corporation; ) Civil Action No. 3:12-cv-1326-J-20JBT
CAPITAL CHEX SYSTEMS INC.;SALVATOR )
J. LETIZIA, an individual; CARMELA )
GERACE, an individual; CHRISTINE A. )
O'BRIEN, an individual; DAVID MICCICHI, an )
individual; and JOHN DOES; )
)
      Defendants. )
)
--------------------------------------------------------------x

## COMPLAINT FOR TRADEMARK INFRINGEMENT, CYBERSQUATTING, FALSE ADVERTISING AND UNFAIR COMPETITION

     Plaintiff Chex Systems, Inc. ("ChexSystems") and its parent company Fidelity

National Information Services, Inc. ("FIS") (collectively, "Plaintiffs"), bring this action

against Defendants, National Chex Systems Inc., a Florida corporation ("FL National

Chex Systems"); National Chex Systems Inc., a Georgia corporation ("GA National Chex

Systems"); National Chex Systems Inc., a New York corporation ("NY National Chex

Systems"); Capital Chex Systems Inc. ("Capital Chex Systems"); Salvator J. Letizia, an

individual; Carmela Gerace, an individual; Christine A. O'Brien, an individual; David

Miccichi, an individual; and John Doe (collectively "Defendants"). Plaintiffs allege as follows, upon actual knowledge with respect to themselves and their own acts, and on information and belief as to all other matters:

## SUBJECT MATTER JURISDICTION AND VENUE

1.     This is an action for trademark infringement under 15 U.S.C. § 1114(1), trademark infringement and false designation of origin under 15 U.S.C. § 1125(a), cybersquatting under 15 U.S.C. § 1125(d), unfair competition under Florida Statutes §§ 501.201 *et seq.*, and common law trademark infringement and unfair competition.

2.     This Court has subject matter jurisdiction over the claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

3.     This Court has supplemental jurisdiction over the claims in this Complaint that arise under the statutory and common law of the State of Florida pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

4.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District, and a substantial part of property that is a subject of this action is situated in this District.

## PARTIES AND PERSONAL JURISDICTION

5.      Plaintiff ChexSystems is a Minnesota corporation having its principal place of business at 7805 Hudson Road, Suite 100, Woodbury, Minnesota, 55125, and with offices in Tampa, Florida.  ChexSystems' website is located at the domain name CONSUMERDEBIT.COM.

6.      Plaintiff FIS is a Georgia corporation having its principal place of business at 601 Riverside Avenue, Jacksonville, Florida, 32204.  FIS's website is located at the domain name FISGLOBAL.COM.

7.      Defendant FL National Chex Systems, a Florida corporation, has its principal place of business at 1642 Stargazer Terrace, Sanford, FL, 32771; and is registered as a foreign corporation in Georgia having its place of business at 1170 McKendree Church Road, Lawrenceville, GA, 30043.

8.      Defendant GA National Chex Systems, a Georgia corporation, has its places of business at 3990 Flowers Road, Suite 550, Atlanta, GA, 30360 and/or 1170 McKendree Church Rd., Lawrenceville, GA, 30043.

9.      Defendant NY National Chex Systems, a New York corporation has an unknown address.

10.     Defendant Capital Chex Systems is a company or business of unknown status, having its places of business at 2021 Amber Dawn Way, Lawrenceville, GA, 30043 and/or 3780 Old Norcross Rd., Duluth, GA, 33096.  Defendant Capital Chex Systems is the registrant/owner of the domain name CAPITALCHEXSYSTEMS.COM.

11.     Defendant Salvator J. Letizia is an individual and CEO of FL National Chex Systems with a business address of 1642 Stargazer Terrace, Sanford, FL, 32771.

12.     Defendant Carmela Gerace is an individual and CFO of FL National Chex Systems, with a business address of 1642 Stargazer Terrace, Sanford, FL, 32771. Defendant Gerace is the registrant/owner of the domain name NATIONALCHEXSYSTEMS.COM.

13.     Defendant Christine A. O'Brien is an individual and the CEO, CFO, and Secretary of GA National Chex Systems, with business addresses of 3990 Flowers Road, Suite 550, Atlanta, GA, 30360 and/or 1170 McKendree Church Rd., Lawrenceville, GA, 30043.     Defendant O'Brien is the registrant/owner of the domain name NATIONALCHEXSYSTEMSINC.COM.

14.     Defendant David Miccichi is an individual, with an address of 14 Byron Ave., Buffalo, NY, 14228.  Defendant Miccichi is the registrant/owner of the domain name CHEXSYSTEMSINC.ORG.

15.     Plaintiffs are not aware of the true name and capacity of defendants named in this Complaint as Defendant John Does, the registrant(s)/owner(s) of the domain names   CHEXSYSTEMSSUPPORT.COM,   CHEXSYSTEMSRECOVERY.COM, CHEXSERVICES.COM,     CHEXSERVICES.NET,     CHEXSERVICES.ORG, CHEXSERVICE.COM,     CHEXSERVICE.NET,     CHEXSERVICE.ORG,     and CHEXSYSTEMSREMOVALS.COM, each of which were registered using a private registration service, and therefore brings this action against these defendants by a

4

fictitious name.  Plaintiffs will amend this Complaint to allege the true name(s) of the defendant(s) if and when ascertained.

16.     Some or all of Defendants are working together and/or have worked together and in collusion with each other, for the purpose of engaging in the unlawful activities complained of in this Complaint.

## PLAINTIFFS' ACTIVITIES

17.     FIS is one of the world's leading technology providers to the financial-services industry.  FIS offers banking and payment technology solutions, processing services, and information-based services, including financial institution core processing, card issuer, and transaction processing services, among other products and services.  Tracing its history to the 1960s, FIS today is a publicly-traded company (NYSE: FIS), a member of the Standard and Poor's (S&P) 500® Index, and employer of approximately 30,000 employees.

18.     FIS has more than 300 solutions serving thousands of financial institutions and business customers.  FIS's customers include 40 of the top 50 global banks, as well as mid-tier and community banks, credit unions, commercial lenders, automotive financial institutions, and governments.  Additionally, FIS provides services to numerous retailers via its check processing and guarantee services.

19.     FIS offers a vast array of finance-related products and services in a variety of markets including, in particular, card services (comprehensive, customized, and flexible solutions and services for credit, debit, and merchant card processing).  FIS's

services also include automotive finance (integrated loan and lease servicing system); check services (complete check-management programs and solutions for collecting outstanding check debt); commercial lending (enterprise-wide, integrated technology solutions that support the entire commercial-lending process); credit unions (solutions to address end-to-end business requirements and meet the needs of customers); electronic banking solutions; loan syndication and trading (integrated functional modules that support the lending process from deal building through servicing and trading); community, mid-tier and large banking (flexible channel, integration, and core solutions to meet every banking need from originations to servicing); technology support (technology solutions and services for businesses); and wealth management (tools and services to strengthen relationships with investors and grow business).

20.    FIS promotes and has promoted for many years its products and services on the Internet, currently via its main website located at the domain name FISGLOBAL.COM.

21.    ChexSystems is a wholly-owned subsidiary of FIS, and is a consumer-based reporting agency governed by the federal Fair Credit Reporting Act.

22.    ChexSystems owns exclusive and proprietary rights to the trade name and trademark CHEXSYSTEMS in connection with credit reporting and related services and products in relation to both financial institutions (and other commercial customers) and consumers.

23.     ChexSystems and its predecessors have used the CHEXSYSTEMS trade name and trademark since as early as December 1983.   As noted below, the CHEXSYSTEMS trademark is federally registered.

24.     Under its CHEXSYSTEMS name and mark, ChexSystems offers fee-based financial services to its commercial customers or "members," which are financial institutions such as banks.  Specifically, ChexSystems maintains a database of debit data that may be used to determine credit risks, and offers account verification services to its financial institution members.  ChexSystems' members report debit account mishandling by its customers (such as insufficient funds activity, account abuse, or suspected fraud activity) to ChexSystems, and its members also utilize the CHEXSYSTEMS database to identify credit risks when reviewing new applicants for banking services such as checking accounts.

25.     ChexSystems also offers free services to consumers under its CHEXSYSTEMS name and mark.  In particular, ChexSystems provides consumers with free copies of the consumer's personal report in the CHEXSYSTEMS database upon the consumer's request.    Consumers may order a copy of their personal report online at ChexSystems' CONSUMERDEBIT.COM website or by contacting ChexSystems directly.  ChexSystems distributes consumer reports in accordance with the federal Fair Credit Reporting Act.  In submitting a report request, consumers agree to ChexSystems' terms and conditions, which are: "1.   You may order only your own personal ChexSystems report. By clicking AGREE, you certify that you are the person whose report is being requested. 2.  You understand that obtaining another person's consumer

report is a violation of federal law punishable by fines and imprisonment. 3. YOU AGREE TO PROVIDE YOUR ACCURATE IDENTIFYING INFORMATION AND UNDERSTAND THAT CHEXSYSTEMS MAY ACCESS, STORE, AND USE THIS INFORMATION TO THE EXTENT PERMITTED BY LAW." Accordingly, consumers seeking to have their personal reports sent to a third party such as the consumer's designated representative must send ChexSystems a notarized Power of Attorney or specific written instructions, signed by the consumer whose information is being requested, authorizing ChexSystems to disclose the information to the person named in the Power of Attorney or written instructions. This information regarding the disclosure of consumers' reports is provided on ChexSystems' website, both on the page for ordering a report and in its FAQ section under the questions "Why can't I get a copy of my spouse's report?" and "Who has access to my consumer file?". ChexSystems never requires consumers to pay any fees to ChexSystems for providing consumers with their personal CHEXSYSTEMS report.

26.     ChexSystems accepts and investigates disputes directly from consumers that their CHEXSYSTEMS report has inaccurate or incomplete information. Consumers can learn of such issues by obtaining their personal report or report details directly from ChexSystems or through their financial institutions. ChexSystems never requires consumers to pay any fees to ChexSystems for investigating error claims and/or updating incorrect information. For information in the CHEXSYSTEMS database that is accurate but negative, consumers must contact the creditor or financial institution at issue to clear a debt or other negative risk-factor, and the creditor or financial institution would then

submit an updated report to ChexSystems, which in turn would be entered into the CHEXSYSTEMS database. ChexSystems does not accept or process payments from consumers for debts or other negative risk-factors that the consumer would like to clear. Nor does ChexSystems independently clear negative information from consumers' reports in its CHEXSYSTEMS database.

27.     ChexSystems also accepts and investigates consumer disputes received from third-party service providers acting on behalf of the consumer when the consumer provides ChexSystems with a Power of Attorney or written instructions as required under the Fair Credit Reporting Act. ChexSystems recognizes that third-party service providers may provide assistance to consumers regarding the consumer's CHEXSYSTEMS report.

28.     ChexSystems also offers consumers a free "security freeze" on their individual CHEXSYSTEMS file.

29.     ChexSystems promotes and offers its services under the CHEXSYSTEMS mark and name on the Internet via its website located at the domain name CONSUMERDEBIT.COM, and has done so for many years.   A screen shot of ChexSystems' home page appears below:

https://www.consumerdebit.com/consumerinfo/us/en/index.htm

**ChexSystems** Consumer Assistance

| Home | FACTA Free Report | Order Consumer Report | Identity Theft | FAC's |

**ChexSystems Consumer Assistance**

The Chex Systems, Inc. network is comprised of member Financial Institutions that regularly contribute information on mishandled checking and savings accounts to a central location. ChexSystems shares this information among member institutions to help them assess the risk of opening new accounts. ChexSystems only shares information with the member institutions and does not decide on new account openings.

This section of the website discusses the following topics:

- FACTA Free Annual Report — Obtain information on your right to a free report.
- Order Consumer Report — If you have been denied an account from a bank or credit union, and ChexSystems was used in the decision process, you can order your consumer report to help you understand what led to this decision.
- Sample Consumer Report — Look at a sample report to see what type of information may be reported to ChexSystems.
- Identity Theft Information — Obtain information about identity theft and place a security alert on your ChexSystems consumer report.

30.     In addition to the CHEXSYSTEMS color logo shown above,

ChexSystems' letterhead also uses the version of the CHEXSYSTEMS logo mark shown

below:

Consumer Relations
7805 Hudson Rd Suite 100
Woodbury, MN 55125
800.513.7125



### CHEXSYSTEMS' TRADEMARK

31.     ChexSystems owns U.S. Trademark Registration No. 3,173,774 for the

CHEXSYSTEMS mark, filed December 5, 2005, issued November 21, 2006, covering

financial services in International Class 36, specifically, acquiring, maintaining, and reporting information relative to unsatisfactory handling of accounts at financial institutions by account holders. ChexSystems' Registration No. 3,173,774 is incontestable. A printout of this registration from the United States Patent & Trademark Office's online database is attached as Exhibit 1.

32. ChexSystems' valid and subsisting, incontestable federal trademark registration for CHEXSYSTEMS is conclusive evidence of ChexSystems' ownership and the validity of this mark.

### DEFENDANTS' UNLAWFUL ACTIVITIES

33. Defendants include three corporations having the identical corporate name National Chex Systems, Inc. (incorporated separately in Florida, Georgia, and New York) and using the trade name Capital Chex Systems, Inc. (collectively, the "Infringing Corporate Names"), each of which contains Plaintiffs' federally registered CHEXSYSTEMS name and mark. Defendants operate under various domain names, including                                NATIONALCHEXSYSTEMS.COM, NATIONALCHEXSYSTEMSINC.COM,                    CHEXSYSTEMSINC.ORG, CHECSYSTEMSRECOVERY.COM,                    CHEXSYSTEMSSUPPORT.COM, CAPITALCHEXSYSTEMS.COM, CHEXSERVICES.COM, CHEXSERVICES.NET, and    CHEXSERVICES.ORG,    CHEXSERVICE.COM,    CHEXSERVICE.NET, CHEXSERVICE.ORG, and CHEXSYSTEMSREMOVALS.COM (collectively, the "Infringing Domain Names"), each of which contains Plaintiffs' CHEXSYSTEMS name

and mark.  The Infringing Corporate Names  and Infringing Domain Names are collectively referred to as the "Infringing CHEXSYSTEMS Names."

34.     Defendants use of the Infringing CHEXSYSTEMS Names goes far beyond Defendants referencing Plaintiffs' federally registered trademark CHEXSYSTEMS in a legally permissible fair-use manner to textually state that Defendants provide a service related to Plaintiffs' CHEXSYSTEMS reports.  Rather, Defendants' use of the Infringing CHEXSYSTEMS Names, described in detail below, infringe Plaintiffs' proprietary rights and constitute false advertising and unfair competition, among other things.

35.     Under the Infringing CHEXSYSTEMS Names, Defendants offer consumers fee-based services for Defendants to act as an intermediary between ChexSystems and consumers who wish to change or update their negative reports listed in ChexSystems' credit-risk database  (the "Services").  Defendants offer and/or have offered the Services online at the Infringing Domain Names as described in detail below.

36.     The domain name NATIONALCHEXSYSTEMS.COM, which is registered to Defendant Gerace and which does not currently connect to an active website, has been used for a website advertising the Services.  The website had numerous uses of "ChexSystems" to refer to both Defendants and Plaintiffs, which together create the false and misleading impression that the website, Defendants, and/or the Services are Plaintiffs, and/or are authorized, affiliated with, or sponsored by Plaintiffs.  For example, the NATIONALCHEXSYSTEMS.COM website advertised the Services as offered by "ChexSystems Resolution Agents" and "Chexsystems Professional[s]," and stated "Let a

12

ChexSystems Resolution Agent handle all your Chexsystems reporting issues today," each of which falsely states or suggests that Defendants' "agents" and "professionals" are in fact employed by Plaintiffs. The telephone number listed on the website was 800-309-2780, and the website described its operations in Florida with the statement, "In the Orlando area, National Chex Systems, Inc. is looking for high-quality people to help better grow our business."

37.    The NATIONALCHEXSYSTEMS.COM website also copied Plaintiffs' internal capitalization of the S in "ChexSystems" and Plaintiffs' color scheme of blue and white, as shown in the excerpt below from May 2012:

http://www.nationalchexsystems.com/



38.    The NATIONALCHEXSYSTEMS.COM website is currently down following what appears to be a business-ownership dispute brought by Defendant GA National Chex Systems against its former employees and/or partners, Defendants Letizia

and Gerace, in Georgia Superior Court. According to publicly available court records, Defendant Gerace, the listed registrant of the NATIONALCHEXSYSTEMS.COM domain name, failed to return the domain name to Defendant O'Brien as ordered in the Georgia court's injunction, and she was jailed for contempt in July/August 2012.

39.    The domain name NATIONALCHEXSYSTEMSINC.COM was registered by Defendant O'Brien after her above-referenced dispute with Defendants Letizia and Gerace, and is being used for a website that advertises the Services. This website similarly has numerous uses of "ChexSystems" to refer to both Defendants and Plaintiffs, which together create the false and misleading impression that the website, Defendants, and/or the Services are Plaintiffs, and/or are authorized, affiliated with, or sponsored by Plaintiffs. For example, the website states "Call National ChexSystems today at 877-254-3002 and speak to a ChexSystems Professional and get your banking rights restored!," which falsely states or suggests that Defendants' and "professionals" are in fact employed by Plaintiffs. The website also states that "National ChexSystems Inc is the ONLY company actually offering ChexSystems Removal services," when in fact only Plaintiffs have the ability and right to remove or update the status of a consumer's file in Plaintiffs' proprietary CHEXSYSTEMS database.

40.    Defendants do not stop at widespread use of Plaintiffs' federally registered CHEXSYSTEMS mark and name in its corporate names, trade names, trademarks, and domain names, and at engaging in false and misleading advertising. In addition, the NATIONALCHEXSYSTEMSINC.COM website slavishly copies Plaintiffs' website content, in particular 9 questions and answers from the "Frequent Asked Question

14

("FAQ") section of Plaintiffs' website. The first seven of these FAQs are copied verbatim from Plaintiffs' website. The other two FAQs have been changed significantly by Defendants, but in a highly misleading way. The first altered FAQ is Plaintiffs' FAQ "How do I dispute information?" that provides the answer "ChexSystems will reinvestigate any item listed in your consumer report that you believe may be inaccurate or incomplete. Please select the following link to obtain information about how to submit your dispute. If you believe the information listed on your report under Drivers License Verification is incorrect, please refer to State DMV Contact Information." The same FAQ ("How do I dispute information?") on the NATIONALCHEXSYSTEMSINC.COM website is answered "National ChexSystems Inc. has the know-how to assist you. Please contact us today to get started. Contact Us via our Online Form or by phone at 877-254-3002. We are glad to help!" The second altered FAQ is Plaintiffs' FAQ "Why did you decline my account?" that provides the answer "ChexSystems neither approves nor declines accounts. The decision depends on the policies of the institution you attempt to do business with." The question on the NATIONALCHEXSYSTEMSINC.COM website is changed to "Why did Chexsystems decline my account?" and again substitutes the Services in place of Plaintiffs with the answer "ChexSystems neither approves nor declines accounts. The decision depends on the policies of the institution you attempt to do business with. If you have questions regarding your Chexsystems Report because of a negative reporting on this report. Please contact us today to get started. Contact Us via our Online Form or by phone at 877-254-3002. We are glad to help!" This copying of Plaintiffs' website content and the altered

15

FAQS creates or suggests the false and misleading impression that the website, Defendants, and/or the Services are Plaintiffs, and/or are authorized, affiliated with, or sponsored by Plaintiffs. And significantly, Defendants' altered FAQs omit Plaintiffs' FAQs that provide information about how consumers' reports may be accessed in accordance with the Fair Credit Reporting Act, including that Plaintiffs will not send consumers' reports to a third party without specific written instructions or a notarized Power of Attorney from the consumer.

41. The domain name CHEXSYSTEMSINC.ORG, which is registered to Defendant Miccichi, and the domain names CHEXSYSTEMSSUPPORT.COM, CHEXSYSTEMSRECOVERY.COM, CHEXSERVICES.COM, CHEXSERVICES.NET, and CHEXSERVICES.ORG, CHEXSERVICE.COM, CHEXSERVICE.NET, and CHEXSERVICE.ORG which are registered anonymously, are all being used for identical websites advertising the Services. These websites: (1) list the same telephone number (800-309-2780) as the NATIONALCHEXSYSTEMS.COM website discussed above, (2) use the names "National Chex Systems," "National Chex Services," and/or "ChexSystems Support," and (3) copy Plaintiffs' color scheme of blue and white including, in particular, in the mark CHEXSYSTEMS. Excerpts from the CHEXSYSTEMSINC.ORG and CHEXSYSTEMSSUPPORT.COM websites from May 2012 appear below:

16





http://www.chexsystemsinc.org/

http://www.chexsystemssupport.com/

42. The websites at the domain names CHEXSYSTEMSINC.ORG, CHEXSYSTEMSSUPPORT.COM, CHEXSYSTEMSRECOVERY.COM,

CHEXSERVICES.COM,        CHEXSERVICES.NET,        CHEXSERVICES.ORG,
CHEXSERVICE.COM, CHEXSERVICE.NET, and CHEXSERVICE.ORG each use
"ChexSystems" to refer to both the Services and Plaintiffs. For example, each website
states "Order your ChexSystems consumer report from our ChexSystems website today"
on the "Order Consumer Report" page and links to Plaintiffs' website, and states on the
home page, "We have many of the answers you are looking for on our ChexSystems
website" that links to the "About us" page of the same website. These websites create the
false and misleading impression that the website, Defendants, and/or the Services are
Plaintiffs (i.e., Defendants are "ChexSystems," and/or are authorized, affiliated with, or
sponsored by Plaintiffs).

43.    The    FAQ    page    on    the    CHEXSYSTEMSINC.ORG,
CHEXSYSTEMSSUPPORT.COM,            CHEXSYSTEMSRECOVERY.COM,
CHEXSERVICES.COM,        CHEXSERVICES.NET,        CHEXSERVICES.ORG,
CHEXSERVICE.COM, CHEXSERVICE.NET, and CHEXSERVICE.ORG websites
further illustrates how the Services are offered and described by Defendants in a way to
mislead consumers and create the false and misleading impression that the websites,
Defendants, and/or the Services are Plaintiffs, and/or are authorized, affiliated with, or
sponsored by Plaintiffs. For example, on these three websites, the FAQ "Can any bank
get me out of ChexSystems?" is answered, falsely, with "Only National ChexSystems can
reinstate your banking privileges."   On the CHEXSYSTEMSREMOVALS.COM
website, the FAQ "How long will it take ChexSystems Removals Department to reinstate
my banking privileges?" is answered, falsely, with "ChexSystems Removals Department

can reinstate your banking privileges in as little as 30 days." As noted above, however, only Plaintiffs have the ability and right to remove negative information from or update the status of a consumer's file in Plaintiffs' CHEXSYSTEMS database, and do so only in response to the reporting financial institution's notice that the consumer's debt or risk-factor has been cleared.

44. Defendants' websites provide or provided a link to Plaintiffs' website where consumers may order their personal CHEXSYSTEMS report. Defendants' websites, however, do not notify consumers that a Power of Attorney or written instructions are required under the Fair Credit Reporting Act in order for Plaintiffs to send consumer reports to Defendants. Plaintiffs have received a number of consumer report requests that provide an individual's name and one of Defendants' addresses, which indicates that either Defendants themselves are submitting reports on behalf of consumers in violation of the Fair Credit Reporting Act, or that Defendants are instructing or inducing consumers to submit report requests using Defendants' address(es) in violation of the Fair Credit Reporting Act.

45. Defendants' have also impersonated Plaintiffs by creating and using an altered version of Plaintiffs' letterhead that features an exact copy of Plaintiffs' CHEXSYSTEMS mark and logo, copies the "Consumer Relations" department identified in the left-hand corner, and substitutes Plaintiffs' address with Defendants' address in the same or similar font, as shown below:

19

Consumer Relations
PO Box 55256
Atlanta, GA 30308
800.309.2780

**ChexSystems**

September 7, 2012

For example, Defendants sent a letter on September 7, 2012 on such fake ChexSystems letterhead to a consumer "confirming" that the consumer's "referenced account" with Pittsburgh Central Federal Credit Union has been paid. (As noted above, Plaintiffs do not accept or confirm consumer payments to creditors.) The letter also referenced the CHEXSERVICES.COM domain name.

46.     The CHEXSYSTEMSINC.ORG, CHEXSYSTEMSSUPPORT.COM, CHEXSYSTEMSRECOVERY.COM,                    CHEXSERVICES.COM, CHEXSERVICES.NET,        CHEXSERVICES.ORG,        CHEXSERVICE.COM, CHEXSERVICE.NET, and CHEXSERVICE.ORG websites contain an inconspicuous disclaimer stating "We are not ChexSystems.   We work for consumers to resolve ChexSystems report issues."

47.     This disclaimer, which appears on only some of Defendants' websites, is not sufficient to avoid the likelihood of confusion caused by Defendants' Infringing Names for several reasons, including but not limited to the following.  First, disclaimers are not always read or understood and, as a result, potential customers will not likely notice or appreciate the disclaimer.  Second, because Internet users do not have an opportunity to see the disclaimer until *after* the website is accessed, the initial-interest

confusion caused by Defendants' use of the Infringing Domain Names cannot be avoided by its disclaimer. Finally, the already-existing likelihood of confusion caused by Defendants increases by use of the disclaimer because Plaintiffs' CHEXSYSTEMS mark and name are included, which further connects Plaintiffs and Defendants. Moreover, the disclaimer appears directly above a copyright notice, "Copyright 2011 National ChexSystems: ChexSystems Report. All Rights Reserved. (800) 309-2780)," which again uses Defendant's National ChexSystems name and Plaintiffs' CHEXSYSTEMS mark in immediate proximity to create the false and misleading impression that the website, Defendants, and/or the Services are Plaintiffs, and/or are authorized, affiliated with, or sponsored by Plaintiffs.

48. The domain name CAPITALCHEXSYSTEMS.COM, registered to Defendant Capital Chex Systems, is being used for a website that advertises the Services and has many references to both Defendants and Plaintiffs as "ChexSystems," all of which create the false and misleading impression that the website, Defendants, and/or the Services are Plaintiffs, or authorized, affiliated with, or sponsored by Plaintiffs. For example, Defendants' website states "ChexSystems is the safe, efficient, reliable way to improve your chances of financial progress."

49. Defendants have purchased a number of "CHEXSYSTEMS" keywords from Google for purposes of advertising and promoting the Services. As a result, when Internet users use Google's search engine to search for such terms, Defendants' paid or sponsored advertisements are displayed at the top of the search results. Samples of Defendants's advertisements are shown below:

Ads related to **chexsystems** ⓘ

## ChexSystems Report | chexsystemssupport.com
www.chexsystemssupport.com/
**ChexSystems** Support 800-309-2780 **ChexSystems**
Removal
Deletion Letter - FAQ's - Customer Support - ChexSystems
Removal

Ad related to **chexsystems official website** ⓘ

## ChexSystems Removal | chexsystemssupport.com
www.chexsystemssupport.com/
**ChexSystems** Support 800-309-2780 **ChexSystems** report
Deletion Letter
Deletion Letter - FAQ's - Customer Support - ChexSystems
Removal

Ads related to **chexsystems customer service** ⓘ

### ChexSystems Removal | chexsystemssupport.com
www.chexsystemssupport.com/
**ChexSystems Support** 800-309-2780 **ChexSystems** report Deletion Letter
Deletion Letter - FAQ's - Customer Support - ChexSystems Removal

### Chex System | ChexSystemsRemovals.com
www.chexsystemsremovals.com/
Contact **ChexSystems** Removals Department Call 888-331-1035

50.     Defendants advertisements triggered by their "CHEXSYSTEMS"
keyword purchases prominently use Plaintiffs' CHEXSYSTEMS mark and name
multiple times.   For example, in the ads shown above, Defendants use Plaintiffs'
CHEXSYSTEMS mark and name in the title, the URL, and the text of the ads.   By
displaying Plaintiffs' CHEXSYSTEMS mark and name in Defendants' keyword-
triggered ads in this manner and frequency, these ads are likely to cause viewers of the
ads to mistakenly believe that Defendants are Plaintiffs or that Defendants are sponsored
by or otherwise affiliated or connected with Plaintiffs.

22

51.    Moreover, in the ads shown above, Defendants use Plaintiffs' CHEXSYSTEMS mark and name in combination with terms ("Support," "Removal Department," "Customer Support") that falsely state or suggest that Defendants are in fact Plaintiffs.

52.    Defendants' false advertising is not limited to the content of their ads, but also includes the very keywords it purchased. Defendants' ads shown above are preceded by Google's notice, "Ads related to [keyword]," which apparently identifies the keyword triggering the particular ad. Accordingly, the above ads indicate that Defendants have purchased the keywords "chexsystems official website" and "chexsystems customer service," both of which on their face indicate the official website of Plaintiff's or customer service department of Plaintiffs. Google users that enter these search terms are likely looking for Plaintiffs. As a result, Defendants' purchase of these terms to triggers ads for *Defendants'* services falsely indicates and suggests that Defendants are in fact Plaintiffs or an affiliate of Plaintiffs'.

53.    On July 16, 2012, Plaintiffs sent Defendants FL National ChexSystems, GA National Chex Systems, Letizia, and O'Brien cease-and-desist letters demanding that Defendants cease their infringing activities. Defendants have not responded to Plaintiffs' demands.

54.    Defendants' activities have been the subject of numerous consumer complaints on various websites including the websites of the Better Business Bureau, Ripoff Report, and 800notes.com.

## EVIDENCE OF ACTUAL CONFUSION

55.     Plaintiffs have experienced actual confusion as a result of the activities described above.  The instances of confusion of which Plaintiffs are aware at this time include the following.

56.     On February 27, 2012, the Consumer Protection Department of the Office of the Attorney General, State of Connecticut, mistakenly sent Plaintiffs a letter intended for Defendants regarding "a consumer complaint involving *your business*" (emphasis added) submitted by a consumer named Kristie Dasilva.   The complaint specified "National Chex Systems" as the business at issue, and detailed Ms. Dasilva's objection at being informed by "Chex Systems" that she would have to pay $350 to have her file in Plaintiffs' CHEXSYSTEMS database updated.   This Connecticut agency confused Defendants' use of "National Chex Systems" with Plaintiffs' use of "ChexSystems." Plaintiffs, which do not charge consumers, subsequently sent Ms. Dasilva a letter informing her that payments to Plaintiffs for database updating would not be required, and that a company unrelated to Plaintiffs had requested the $350 fee.

57.     On March 9, 2012, the Better Business Bureau sent Plaintiffs a letter regarding a complaint from "one of *your customers*" (emphasis added), namely, Melvin Toomer of Doraville, Georgia who had submitted a complaint regarding his job interviews with Defendant GA National ChexSystems.   The Better Business Bureau mistakenly assumed that Mr. Toomer was a customer of Plaintiffs instead of Defendants.

58.     On July 31, 2012, a consumer, Notrice Johnson of Lancaster, California, mistakenly filed suit against Plaintiffs, rather than Defendants, in small claims court to

24

seek the return of $170 paid to *Defendants* because "I paid $170.00 to have my name removed from ChexSystem." As noted above, Plaintiffs do not charge consumers for any of the services it provides to consumers relating to the ChexSystems database, but Defendants charge for their services.

## HARM TO PLAINTIFFS AND THE GENERAL PUBLIC

59.     Defendants' unauthorized use of the Infringing CHEXSYSTEMS Names is likely to continue to cause confusion, mistake, and deception as to the source or origin, and is likely to continue to falsely suggest a sponsorship, connection, license, or association of Defendants with Plaintiffs.

60.     Defendants' activities described above have irreparably harmed, and if not enjoined, will continue to irreparably harm the general public, which has an inherent interest in being free from confusion, mistake, and deception.

61.     Defendants' activities described above have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiffs and their CHEXSYSTEMS mark.

## FIRST CAUSE OF ACTION

### Trademark Infringement Under 15 U.S.C. § 1114(1)

62.     Plaintiffs reallege and incorporate by reference each of the allegations contained in Paragraphs 1 through 61 of this Complaint as though fully set forth here.

63.     Defendants' use in commerce of the Infringing CHEXSYSTEMS Names is likely to cause confusion, mistake, or to deceive, and constitutes trademark infringement in violation of 15 U.S.C. § 1114(1).

64.     Defendants have unfairly profited from the infringing actions alleged herein and their actions at all times have been willful and deliberate in disregard of Plaintiffs' trademark and trade name rights.

## SECOND CAUSE OF ACTION

### Trademark Infringement and
### False Designation of Origin Under 15 U.S.C. § 1125(a)(1)(A)

65.     Plaintiffs reallege and incorporate by reference each of the allegations contained in Paragraphs 1 through 61 of this Complaint as though fully set forth here.

66.     Defendants' use in commerce of the Infringing CHEXSYSTEMS Names is likely to cause confusion, or to cause mistake, or to deceive the relevant public that Defendant's activities are authorized, sponsored, or approved by, or are affiliated with Plaintiffs, and constitutes trademark infringement and false designation of origin in violation of 15 U.S.C. § 1125(a)(1)(A).

67.     Defendants have unfairly profited from the infringing actions alleged herein and their actions at all times have been willful and deliberate in disregard of Plaintiffs' trademark and trade name rights.

## THIRD CAUSE OF ACTION

### False Advertising Under 15 U.S.C. § 1125(a)(1)(B)

68.     Plaintiffs reallege and incorporate by reference each of the allegations contained in Paragraphs 1 through 61 of this Complaint as though fully set forth here.

69.     Defendants' actions, as described above, constitute false and misleading

descriptions and misrepresentations of fact in commerce which, in commercial advertising and promotion, misrepresent the nature, characteristics, and qualities of Defendants' and Plaintiffs' products and services in violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

70.     Defendants have unfairly profited from the infringing actions alleged herein and their actions at all times have been willful and deliberate in disregard of Plaintiffs' trademark and trade name rights.

## FOURTH CAUSE OF ACTION

### Cybersquatting Under 15 U.S.C. § 1125(d)

71.     Plaintiffs reallege and incorporate by reference Paragraphs 1 through 61 as though fully set forth here.

72.     Defendants registered, trafficked in, and/or used the Infringing Domain Names with a bad-faith intent to profit from Plaintiffs' CHEXSYSTEMS mark.

73.     One or more of Defendants is or was the registrant or the registrant's authorized licensee or user of each of the Infringing Domain Names.

74.     The Infringing Domain Names are confusingly similar to Plaintiffs' CHEXSYSTEMS mark.

75.     Plaintiffs' CHEXSYSTEMS mark was distinctive and federally registered at the time Defendants registered and used the Infringing Domain Names.

76.     Defendants do not have any intellectual property rights or any other rights in Plaintiffs' CHEXSYSTEMS mark, or variations thereof.

77.     None of the Infringing Domain Names consist of a prior non-infringing

legal name of any of the Defendants, or a prior non-infringing name that is otherwise commonly used to identify any of Defendants.

78.    Defendants have not made any prior use of any of the Infringing Domain Names in connection with the bona fide offering of any goods or services.

79.    Defendants' registration, use, and/or trafficking of the Infringing Domain Names constitutes cybersquatting in violation of 15 U.S.C. § 1125(d).

80.    Defendants have unfairly profited from the infringing actions alleged herein and their actions at all times have been willful and deliberate in disregard of Plaintiffs' trademark and trade name rights.

## FIFTH CAUSE OF ACTION

### Deceptive and Unfair Trade Practices
### Under Florida Statutes §§ 501.201 *et seq.*

81.    Plaintiffs reallege and incorporates the allegations of Paragraphs 1 through 61 of this Complaint as though fully set forth here.

82.    Defendants have engaged in unfair methods of competition and unfair or deceptive acts or practices in the conduct of their trade, all in violation of the Florida Deceptive and Unfair Trade Practices Act (the "FDUTPA"), Florida Statutes §§ 501.201 *et seq.*

83.    Plaintiffs are "aggrieved" persons under the FDUTPA, and have standing to bring this claim.

84.    Defendants are unfairly competing in online advertising and Internet retailing markets by infringing Plaintiffs' valuable CHEXSYSTEMS name and mark, and

by attempting to capitalize on Plaintiffs' reputation by deliberately using the Infringing CHEXSYSTEMS Names such that consumers have believed, and are likely to continue to believe, that Defendants' activities including its websites at the Infringing Domain Names are Plaintiffs' and/or are authorized by or affiliated with Plaintiffs.

85.     Plaintiffs have invested substantial time and money developing Plaintiffs' CHEXSYSTEMS name and mark. Defendants' use of the Infringing CHEXSYSTEMS Names constitutes unfair methods of competition, unconscionable acts or practices, and/or unfair or deceptive acts or practices.

86.     Defendants' acts have caused Plaintiffs to suffer damage to the goodwill associated with Plaintiffs' CHEXSYSTEMS name and mark, and Plaintiffs have suffered and will continue to suffer irreparable harm.

87.     Defendants' acts and practices as alleged herein offend public policy, were unethical, oppressive or unscrupulous and caused Plaintiffs substantial unavoidable injury. Accordingly, Defendants' acts and practices are deceptive under Florida Statutes § 501.204.

88.     As a direct and proximate result of Defendants' unfair, unconscionable, and/or deceptive acts or practices, Plaintiffs have sustained losses and damages.

89.     By reason of Defendants' acts, Plaintiffs are entitled to damages.

90.     Plaintiffs have suffered and continue to suffer irreparable damages, and are without adequate remedies at law.

91.     Defendants have unfairly profited from the infringing actions alleged herein and their actions at all times have been willful and deliberate in disregard of Plaintiffs' trademark and trade name rights.

## SIXTH CAUSE OF ACTION

### Common Law Trademark Infringement and Unfair Competition

92.     Plaintiffs reallege and incorporate by reference each of the allegations contained in Paragraphs 1 through 61 of this Complaint as though fully set forth here.

93.     Defendants have infringed Plaintiffs' CHEXSYSTEMS name and mark in violation of Plaintiffs' proprietary and common law rights.  Such acts constitute common law trademark infringement and unfair competition under the common law of the state of Florida.

94.     By reason of Defendants' acts, Plaintiffs are entitled to damages.

95.     As a consequence of Defendants' conduct, Plaintiffs have suffered and will continue to suffer irreparable harm, has suffered and will continue to suffer injury in fact, and has lost and will continue to lose money or property as a result of Defendants' acts of common law trademark infringement and unfair competition alleged herein. Plaintiffs' remedy at law is not adequate to compensate it for the injuries inflicted by Defendants.

96.     Defendants have unfairly profited from the infringing actions alleged herein and their actions at all times have been willful and deliberate in disregard of Plaintiffs' trademark and trade name rights.

## REQUEST FOR RELIEF

Therefore, Plaintiffs respectfully request judgment as follows:

1.     That a preliminary injunction be entered, enjoining Defendants, their agents, representatives, employees, assigns and suppliers, and all persons acting in concert or privity with Defendants, from engaging in the following activities:

     a.   Destroying, altering, secreting, transferring, or otherwise disposing of any records of their business activities, whether on paper, in electronic format, or on any other medium, and including without limitation all accounting records and all logs or other documents relating to Defendants' activities;

     b.   Allowing any records of their business activities conducted under the Infringing CHEXSYSTEMS Names (or any confusingly similar names or designations) to be destroyed, altered, secreted, transferred, or otherwise disposed of in the course of business or business activities, and shall instead take all affirmative steps necessary to capture and record all such records, whether by copying, collection, backup, or otherwise, either on paper, in electronic format, or on some other medium;

     c.   Registering and using in any manner any corporate names, trade names, fictitious names, or other business names that are confusingly similar to Plaintiffs' CHEXSYSTEMS name and mark or any other

marks owned or controlled by Plaintiffs including, but not limited to, the Infringing Corporate Names;

d. Registering, using, trafficking, acquiring, transferring, releasing, deleting, and assigning any domain names that are confusingly similar to Plaintiffs' CHEXSYSTEMS name and mark or any other names or marks owned by Plaintiffs including, but not limited to, the Infringing Domain Names;

e. Using Plaintiffs' CHEXSYSTEMS name and mark or any other name, mark, designation or depiction in any manner that is likely to cause confusion as to whether Defendants are Plaintiffs or are a part of, or affiliated, or associated with, or sponsored by Plaintiffs;

f. Engaging in trademark infringement, unfair competition, false designation of origin, passing off, and false advertising against Plaintiffs or misappropriation of Plaintiffs' trademark rights; and

g. Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (f) above.

2. That the Court enter a final judgment that Defendants have:

a. violated Plaintiffs' rights in Plaintiffs' CHEXSYSTEMS mark in violation of 15 U.S.C. § 1125(d);

b. violated Plaintiffs' rights in Plaintiffs' CHEXSYSTEMS mark in violation of 15 U.S.C. § 1114(1);

    c. violated Plaintiffs' rights in Plaintiffs' CHEXSYSTEMS name and mark in violation of 15 U.S.C. § 1125(a)(1)(A);

    d. violated Plaintiffs' rights in Plaintiffs' CHEXSYSTEMS name and mark in violation of 15 U.S.C. § 1125(a)(1)(B);

    e. engaged in deceptive and unfair trade practices in violation of Florida Statutes §§ 501.201 *et seq.*; and

    f. violated the Florida common law.

3. And that the Court enter a Final Judgment:

    a. Permanently enjoining Defendants, their agents, representatives, employees, assigns and suppliers, and all persons acting in concert or privity with Defendants, from engaging in the activities described in Paragraph 1 above;

    b. Ordering Defendants to cancel all its registrations for the Infringing Corporate Names and any other confusingly similar corporate names, trade names, designations, fictitious names, or other business names, or to permanently remove the term CHEXSYSTEMS and any confusingly similar terms from all such names;

    c. Ordering Defendants to transfer every domain name they own or control, directly or indirectly, or that was registered or acquired at their direction, request, or instruction, that contains, is comprised of, or otherwise is confusingly similar to Plaintiffs' CHEXSYSTEMS name and mark, including but not limited to the Infringing Domain Names;

33

d.   Ordering the Internet Service Providers or web hosting providers for the Infringing Domain Names to disclose to Plaintiffs any and all domain names containing the term CHEX or variations thereof that are used by or registered to Defendants, or privately registered and held in an account used or controlled by Defendants, and to transfer such domain names to Plaintiffs;

e.   Ordering the domain name registrars of the Infringing Domain Names to disclose to Plaintiffs any and all domain names containing the term CHEX or variations thereof that are registered to Defendants, or privately registered and held in an account used or controlled by Defendants, to disclose the registrant contact information for any such domain names that are privately registered, and to transfer all such domain names to Plaintiffs;

f.   Ordering Verisign, the registry of the Infringing Domain Names, to change the registrar of the Plaintiffs' Infringing Domain Names and any and all CHEX-formative domain names disclosed to Plaintiffs by Defendants' ISPs, web hosting providers, and domain name registrars under Paragraphs 3(d) and 3(e) above, to a registrar designated by Plaintiffs;

g.   Ordering Defendants to engage in corrective advertising at their own expense to the extent necessary to correct consumer confusion or

misperceptions resulting from Defendants' unlawful acts complained of above;

h. Ordering Defendants to account to Plaintiffs for, and disgorge, all profits they have derived by reason of the unlawful acts complained of above;

i. Ordering Defendants to pay compensatory damages, and that those damages be trebled, under 15 U.S.C. § 1117;

j. Ordering Defendants to pay statutory damages under 15 U.S.C. § 1117(d), on election by Plaintiffs, in an amount of up to $100,000 for each domain name found to constitute cybersquatting;

k. Ordering Defendants to pay Plaintiffs' reasonable attorney fees, prejudgment interest, and costs of this action under 15 U.S.C. § 1117 and other applicable laws;

l. Ordering Defendants to pay punitive damages in an amount to be determined, based upon the foregoing acts of Defendants;

m. Ordering Defendants to file with the Court and serve upon Plaintiffs a written report under oath setting forth in detail the manner and form in which Defendants have complied with the injunction and judgment within thirty (30) days after the service of the injunction and judgment upon Defendants; and

n. Granting Plaintiffs such other relief as the Court may deem appropriate.

Dated: December 5, 2012

Respectfully submitted,

BEDELL, DITTMAR, DeVAULT, PILLANS & COXE
Professional Association

By:_____

John A. DeVault, III
Florida Bar No. 103979
E-mail: jad@bedellfirm.com
Courtney Grimm
Florida Bar No. 953740
E-mail: cgrimm@bedellfirm.com
The Bedell Building
101 East Adams Street
Jacksonville, Florida 32202
Telephone:    (904) 353-0211
Facsimile:    (904) 353-9307

**Counsel for Plaintiffs Chex Systems, Inc. and Fidelity
National Information Services, Inc.**

OF COUNSEL

FINNEGAN, HENDERSON, FARABOW,
        GARRETT & DUNNER, L.L.P.
David M. Kelly
Yasmin Tavakoli Egge
901 New York Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 408-4000
Facsimile: (202) 408-4400

        -and-

FIDELITY NATIONAL INFORMATION
        SERVICES, INC.
Deborah Segers
601 Riverside Avenue
Jacksonville, Florida  32204
Telephone: (615) 665-6716
E-mail: debbie.segers@fisglobal.com